1  Melinda M. Morton, SB209373
   mindy.morton@procopio.com
2  PROCOPIO, CORY, HARGREAVES AND
      SAVITCH LLP
3  1117 S California Ave, Suite 200
   Palo Alto, CA 94304
4  Telephone: 650.645.9000
   Facsimile:  619.235.0398
5
   Attorney for Defendant
6  AUTOMATTIC INC.

7

8              UNITED STATES DISTRICT COURT

9           FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 MARK TZALKA,                          Case No.

12        Plaintiffs,                    **DEFENDANT AUTOMATTIC INC.'S NOTICE OF REMOVAL OF ACTION TO DISTRICT COURT**

13 v.

14 AUTOMATTIC, INC. dba                  (FEDERAL QUESTION)
   WORDPRESS.COM,
15                                       [REMOVED FROM LOS ANGELES COUNTY SUPERIOR COURT, CASE NO. 19VECV01301]
        Defendants.
16

17

18

19                                       TRIAL DATE:  NONE SET

20

---

DEFENDANT AUTOMATTIC INC.'S NOTICE OF REMOVAL OF ACTION
DOCS 120783-000018/3837663

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1338, 1367, 1441 and 1454, Defendant Automattic Inc., erroneously sued as Automattic, Inc. dba WordPress.com ("Automattic" or "Defendant") hereby removes the action entitled *Mark Tzalka v. Automattic, Inc. dba WordPress.com, Does 1-10*, Los Angeles County Superior Court Case No. 19VECV01301, to this Court on the following grounds:

## I. THE COMPLAINT AND STATE COURT PROCEEDINGS

1. On September 12, 2019, Plaintiff Mark Tzalka commenced this action by filing a complaint in the Superior Court of the State of California for the County of Los Angeles, Case No. 19VECV01301, entitled *Mark Tzalka v. Automattic, Inc. dba WordPress.com, Does 1-10* (the "Action"). Pursuant to 28 U.S.C. § 1446(a), a copy of the Summons, Complaint, and Civil Cover Sheet (the "Complaint") emailed to Defendant Automatic on September 13, 2019, are submitted herewith. *See* Declaration of Melinda M. Morton in Support of Automatic Inc.'s Notice of Removal ("Morton Decl."), Ex. 1. On November 14, 2019, Plaintiff filed and served the First Amended Complaint. Morton Declaration, Ex. 2. True and correct copies of all other process, pleadings, and orders filed and served in the state court action are attached as Exhibit 3 to the Morton Declaration.

2. The Complaint alleges intentional and/or negligent misrepresentation, concealment, promise without intent to perform, and violation of California's unfair competition law. *See* Complaint, Morton Dec., Ex. 1.

3. Plaintiff filed a First Amended Complaint ("FAC") on November 14, 2019. The FAC alleges four causes of action, including two causes of action for violation of California Business & Professions Code § 17200 ("UCL"), unjust enrichment, and a claim for declaratory relief. All of the claims relate to Plaintiff's

2
DEFENDANT AUTOMATTIC INC.'S NOTICE OF REMOVAL OF ACTION
DOCS 120783-000018/3837663

1. allegations that Automattic failed to remove a blog concerning alleged business activities by Plaintiff that was posted on WordPress.com by an unknown third party (the "Blog"). Automattic operates the hosting platform WordPress.com.

2. 4. The first UCL cause of action is based on the "unlawful business act or practice" prong. FAC ¶ 14. The unlawful act alleged is display of "a copyrighted photograph of the Plaintiff that does not fall within one of the exceptions for fair use found in § 107 of the Copyright Act." FAC ¶ 15. The FAC further alleges that "Defendants continue to willfully and knowingly refuse to remove this photograph." FAC ¶ 16.

3. 5. The second UCL cause of action is also based on "unlawful business act[s] or practice[s]." FAC ¶ 21. The unlawful act alleged is statements made on the Blog by the unknown third party in violation of California Civil Code § 45 (libel).

4. 6. The third cause of action, for unjust enrichment, is based in part on Defendant's refusal to take down Plaintiff's copyrighted image and the alleged profits received from ads displayed on the Blog. FAC ¶ 28.

5. 7. The fourth cause of action, for declaratory relief, alleges that "an actual controversy has arisen" relating to the Blog. FAC ¶ 33. Plaintiff requests "a declaration that the content contained on [the Blog] is defamatory and contains images that equate to copyright infringement." FAC, Prayer for Relief ¶ C.

6. 8. On December 16, 2019, Defendant filed an answer to the FAC. *See* Morton Dec., Ex. 3.

7. 9. Defendant is informed and believes that no further proceedings have been commenced in the state court action.

## II. THIS COURT HAS FEDERAL JURISDICTION

### A. Federal Question

10. Federal courts have original jurisdiction over actions arising under the

3

"laws…of the United States." 28 U.S.C. § 1331.

11. Federal courts have exclusive jurisdiction for claims arising under the Federal Copyright Act. 28 U.S.C. § 1338(a). In addition, federal courts have exclusive jurisdiction for claims "asserting a claim of unfair competition when joined with a substantial and related claim under the copyright" law. 28 U.S.C. § 1338(b). With the exception of the second UCL claim, the causes of action in the FAC are all claims over which the District Court has original jurisdiction under the provisions of 28 U.S.C. §§ 1331 and 1338. Pursuant to 28 U.S.C. § 1454 (a), the state action may be removed to federal court.

**B.    Supplemental Jurisdiction**

12. Supplemental jurisdiction arises under 28 U.S.C. § 1367 and 1454, as Plaintiff's remaining state claim forms part of the same case or controversy as the federal claims. The state claim does not give rise to a novel or complex issue of state law; the state claim does not substantially predominate over the claim or claims over which the District Court has original jurisdiction; the District Court has not dismissed any claims over which it has original jurisdiction; and there are no compelling reasons for declining jurisdiction on the non-federal claim. Further, although Plaintiff chose to plead two UCL claims, one based on copyright and one based on libel, Plaintiff has alleged violation of the same state statute (Cal. Bus. & Prof. Code § 17200) and the same prong of the statute (unlawful business practices). Plaintiff chose to split the claim, but the two UCL claims are, in essence, one cause of action based on the same alleged actions by Defendant, just based on two different underlying statutory predicates for the claimed "unlawful" act.

13. In the instant case, all claims arise from the same common nucleus of operative fact. Specifically, Plaintiff's allegations all stem from purported harm caused by the Blog. All these claims are so interrelated that Plaintiff would ordinarily be expected to try them all in a single judicial proceeding.

14. Moreover, all of the claims are barred by Section 230 of the Communications Decency Act, which states that "No provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." 47 U.S.C. § 230.

### III. VENUE

15. Pursuant to 28 U.S.C. § 1446(a), Defendant Automattic is filing this Notice of Removal in the United States District Court for the Central District of California. This is the proper district for removal because the State Action is pending in the California Superior Court for Los Angeles County.

### IV. THE NOTICE OF REMOVAL IS PROCEDURALLY CORRECT

16. This Notice of Removal is timely filed within thirty (30) days of Defendant Automattic's receipt of service of the FAC as required by 28 U.S.C. § 1446(b).

17. Does 1-10 have not been named or served.

18. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of removal of the Action to Plaintiffs and Adverse Parties and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California, County of Los Angeles.

THEREFORE, the above Action now pending in the Superior Court of the State of California for the County of Los Angeles is hereby removed to this Court for determination.

DATED: December 16, 2019          PROCOPIO, CORY, HARGREAVES AND
                                  SAVITCH LLP


                                  By: /s/ Melinda Morton
                                      Melinda M. Morton

                                  Attorney for Defendant
                                  AUTOMATTIC INC.

DEFENDANT AUTOMATTIC INC.'S NOTICE OF REMOVAL OF ACTION

DOCS 120783-000018/3837663